Madhu Sudhan ADHIKARI, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–74061.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2012.*

Filed March 14, 2012.

Charles E. Nichol, Law Offices of
Charles E. Nichol, San Francisco, CA, for
Petitioner.

Sabina M. Lofty, U.S. Department of
Justice, Civil Division/Office of Immigra-
tion Litigation, Washington, DC, U.S. De-
partment of Justice, Civil Division/Office of
Immigration Litigation, Washington, DC,
Ronald E. Lefevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: B. FLETCHER,
REINHARDT, and TASHIMA, Circuit
Judges.

MEMORANDUM **

Madhu Sudhan Adhikari, a native and
citizen of Nepal, petitions for review of the
Board of Immigration Appeals' ("BIA")
order dismissing his appeal from the im-
migration judge's decision denying his ap-
plication for asylum and withholding of re-
moval. We have jurisdiction under 8
U.S.C. § 1252. We review for substantial
evidence the agency's factual findings, ap-
plying the new standards governing ad-
verse credibility determinations created by
the Real ID Act. *Shrestha v. Holder*, 590
F.3d 1034, 1039 (9th Cir.2010). We grant
the petition for review, and we remand.

Substantial evidence does not support
the BIA's adverse credibility finding based
on a perceived inconsistency between
Adhikari's declaration and testimony re-
garding the nature of the threats he re-
ceived from Maoists, because Adhikari's
ultimate testimony that he perceived the
Maoists' threat in January of 2005 as an
intent to physically harm him is consistent
with what he stated in his declaration.
*See Morgan v. Mukasey*, 529 F.3d 1202,
1206–10 (9th Cir.2008) (agency relied on
discrepancies that did not exist or were
inconsequential).

In reaching its alternate finding that
Adhikari failed to establish a well-founded
fear of persecution, the BIA erred because
it did not consider Adhikari's declaration
and relevant testimony documenting spe-
cific instances in which Maoists continued
to search for him after his confrontation
with them. *See Singh v. Gonzales*, 494
F.3d 1170, 1173 (9th Cir.2007) (remanding
where the BIA failed to consider and ad-
dress affidavits submitted by petitioner
and his attorney).

Accordingly, we remand for the BIA to
assess Adhikari's asylum and withholding
of removal claims in light of this disposi-
tion, deeming his testimony credible. *See
INS v. Ventura*, 537 U.S. 12, 16–18, 123
S.Ct. 353, 154 L.Ed.2d 272 (2002) (per
curiam).

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANTED; REMANDED.

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.